**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30224 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-00031-RRB-1 |
| v. | |
| ANTHONY RANKIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted July 29, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Anthony Rankin was convicted, after a bench trial, of being a felon in
possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and
924(a)(2). He challenges the district court's denial of his motion to suppress, and
also challenges his sentence.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The initial contact between Rankin and Alaska State Trooper Tuckwood in the St. Mary's airport was not an illegal seizure. The parties agree that the appropriate analysis is supplied by *United States v. Mendenhall*, 446 U.S. 544, 554-55 (1980), which identified relevant factors to consider. None of those factors was present in this encounter. For example, as the district court found, the officer's tone was not aggressive, and although the cargo area to which the trooper asked Rankin to go was not readily accessible to the general public, airline employees used it and it was not confined. The magistrate judge's report and recommendation was thorough and well-reasoned, and its findings not clearly erroneous.

The district court did not err when it ruled that Rankin voluntarily consented to the search of his backpack. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 248-49 (1973); *United States v. Chan-Jimenez*, 125 F.3d 1324, 1327 (9th Cir. 1997). Nor did it err when it concluded that the statements made during the initial contact and search of his backpack were not the product of custodial interrogation. *See Miranda v. Arizona*, 384 U.S. 436, 478 (1966).

With respect to sentencing, the district court applied a two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A) for possession of a stolen firearm. The finding that the gun had been stolen was not clearly erroneous. The sentence

2

was neither procedurally nor substantively unreasonable, *see United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), particularly given the dangerous nature of the defendant's conduct in carrying a loaded firearm on an airplane.

**AFFIRMED**.